UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL NIEVES,

                Plaintiff,

-against-

LEWIS J. LIMAN, UNITED STATES
DISTRICT COURT JUDGE; THE NEW
YORK CITY LAW DEPARTMENT;
LaDONNA S. SANDFORD, SENIOR
COUNSEL,

                Defendants.

20-CV-9503 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated at Bellevue Hospital Prison Ward, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights in another civil action, *Nieves v. Farber*, ECF 1:20-CV-0990, 2 (S.D.N.Y. filed Feb. 5, 2020). By order dated November 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's claims arise from another civil action that is currently pending before the Hon. Lewis Liman, who is named here as a defendant. On February 5, 2020, Plaintiff filed an action

under 42 U.S.C. § 1983 against New York Supreme Court, New York County Justice Curtis J. Farber, Manhattan District Attorney Cyrus Vance, Assistant District Attorney Brandon Riddle, a fire marshal, and several police officers, asserting claims arising from an ongoing state-court prosecution. *See Nieves v. Farber*, ECF 1:20-CV-0990, 2 (S.D.N.Y. filed Feb. 2, 2020) ("*Nieves I*"). That action is currently stayed pending disposition of Plaintiff's criminal trial.[2]

On November 11, 2020, Plaintiff filed this action, in which he names as defendants Judge Liman, the New York City Law Department, and LaDonna Sandford, an attorney with the New York City Law Department who is representing the City of New York in *Nieves I*. Plaintiff alleges that Judge Liman wrongfully restricted public access to Plaintiff's complaint in *Nieves I* on the ground that the complaint included a full date of birth in violation of the Federal Rules of Civil Procedure, but "no date of birth actually existed."[3] (ECF No. 2, at 2.) Judge Liman's limiting of public access to the complaint was "an apparent strategy for Judge Liman to cover-up a grossly unconstitutional conspiracy by the Manhattan Supreme Court Judge Farber" and other defendants in that action. (*Id.* at 2-3.) Plaintiff maintains that in dismissing Plaintiff's claims

---

[2] By order dated March 30, 2020, Judge Liman dismissed Plaintiff's claims against Justice Farber, DA Vance, and ADA Riddle under the doctrines of judicial and prosecutorial immunity. *Nieves I*, ECF 1:20-CV-0990, 12. On July 23, 2020, Judge Liman granted the defendant's motion for a stay until September 3, 2020, pending resolution of Plaintiff's criminal proceedings. ECF 1:20-CV-0990, 19. And by Memorandum Endorsement dated September 9, 2020, Judge Liman granted the defendant's motion to extend the stay until December 3, 2020. ECF 1:20-CV-0990, 23. On October 22, 2020, Plaintiff filed a notice of appeal from the order terminating the immune defendants, the initial order to stay the action, and the order extending the stay until December 3, 2020. *Id.* ECF 1:20-CV-0990, 24.

[3] Plaintiff references footnote one in Judge Liman's order of service, which states, "Because Plaintiff seems to mention in the complaint the complete dates of birth of other persons (ECF 2-1, at 37), the Court has asked the Clerk of Court to restrict electronic access to the complaint to a "case-participant only" basis, *see* Fed. R. Civ. P. 5.2(a)(2) (court submissions must limit references to a person's date of birth to the birth year)."

against Judge Farber and the prosecutors on immunity grounds, Judge Liman's order "incriminates [Judge Liman] as a co-conspirator" with the defendants in that action. (*Id.* at 3.)

Plaintiff also alleges that Judge Liman granted the defendants' motion to stay *Nieves I* without Plaintiff's consent and without providing him sufficient time to respond. (*Id.* at 6.) Plaintiff maintains that Judge Liman's granting of the stay "served to obstruct justice in an obvious conspiracy." (*Id.*)

Plaintiff seeks money damages from Sandford and an injunction directing defendants "to desist all constitutional violations and deprivations listed above in the complaint, specifically by United States District Court Judge Lewis J. Liman for denying all federal reliefs requested in [Plaintiff's] Section 1983 Complaint" in *Nieves I*. (*Id.* at 14.)

## DISCUSSION

### A.  Claims against Judge Liman

Because Plaintiff alleges that his constitutional rights were violated by an employee of the federal government, the Court construes Plaintiff's claims against Judge Liman as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see also Dorman v. Higgins*, 821 F.2d 133, 137-39 (2d Cir. 1987) (applying absolute judicial immunity to *Bivens* claims against federal judicial probation officers). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*,

4

579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks and citation omitted).

In addition, as amended in 1996, 42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Because "federal courts have typically incorporated § 1983 law into *Bivens* actions," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), courts have also applied the 1996 amendment to § 1983, described above, to *Bivens* actions against federal judges, *see Viola v. Bryant*, No. 17-CV-0853 (CSH), 2017 WL 2676407, at *3 n.5 (D. Conn. June 21, 2017), *appeal dismissed*, No. 17-2342, 2018 WL 581036 (2d Cir. Jan. 19, 2018); *Jones v. Newman*, No. 98-CV-7460 (MBM), 1999 WL 493429, at *7 (S.D.N.Y. June 30, 1999).

Judicial immunity does not apply when a judge takes action outside her judicial capacity, or when a judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge . . . ." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

The Court must dismiss Plaintiff's claims for any injunctive relief against Judge Liman as barred by the 1996 amendment to § 1983, which applies to *Bivens* actions against federal judges. Plaintiff has not set forth any facts suggesting that Judge Liman violated a declaratory decree, or that declaratory relief was unavailable. In any event, "declaratory relief against a judge for

5

actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd*, 639 F. App'x 38 (2d Cir. 2016) (summary order). In fact, Plaintiff did file a notice of appeal of several of Judge Liman's orders, and that appeal is pending. *See Nieves I*, ECF 1:20-CV-0990, 24. The Court therefore dismisses Plaintiff's claims against for injunctive relief against Judge Liman as barred by statutory judicial immunity and as frivolous.[4] *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011).

**B.     Claims against Sandford and the New York City Law Department**

The Court must also dismiss Plaintiff's § 1983 claims against Sandford and the New York City Law Department. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

---

[4] Even if the doctrine of judicial immunity did not apply, injunctive relief is unavailable under *Bivens*. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights. . . . The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.").

6

Here, Plaintiff's claims against Sandford are based on actions within the scope of Sandford's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

The Court must also dismiss Plaintiff's claims against the New York City Law Department because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

The Court construes the complaint as asserting claims against the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice,

7

and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has failed to allege any facts suggesting that the City of New York has a policy, custom, or practice that has caused a violation of his constitutional rights. The Court therefore dismisses Plaintiff's against the New York City Law Department for failure to state a claim, and declines to construe the complaint as asserting claims against the City of New York.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses the complaint for failure to state a claim on which relief may be granted, for seeking monetary relief from defendants who are immune from such relief, and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court denies Plaintiff's request for a preliminary injunction and temporary restraining order as moot.

The Court further denies Plaintiff's application for the Court to request counsel as moot. (ECF No. 5.)

SO ORDERED.

Dated:  December 7, 2020
        New York, New York

_____
LOUIS L. STANTON
U.S.D.J.